IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHERRY LINE, S.A., a           :
corporation,                   :
                               :
          Plaintiff,           :
                               :
     v.                        :  Civil Action No. 03-199-JJF
                               :
MUMA SERVICES f/k/a            :
MURPHY MARINE SERVICES, INC.,  :
                               :
          Defendant.           :

---

Julie M. Sebring, Esquire of RAWLE & HENDERSON LLP, Wilmington, Delaware.
Attorney for Plaintiff.

Richard H. Cross, Jr., Esquire and Sean T. O'Kelly, Esquire of CROSS & SIMON, LLC, Wilmington, Delaware.
Attorney for Defendant.

---

**MEMORANDUM OPINION**

May 8, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion For Sanctions And Dismissal Of Case (D.I. 43) filed by Defendant MUMA Services f/k/a Murphy Marine Services, Inc. For the reasons discussed, the Court will issue a Show Cause Order and schedule a hearing to determine whether this case should be dismissed for failure to prosecute.

**BACKGROUND**

Plaintiff initiated this action more than three years ago on February 14, 2003, alleging that Defendant carelessly and negligently caused harm to its vessel, Wild Jasmine, while Defendant was engaged by Plaintiff for stevedoring services. Plaintiff failed to take any action to prosecute this case for nearly two years, and on July 14, 2005, the Court ordered Plaintiff to show cause why this action should not be dismissed with prejudice.

Plaintiff responded to the Court's order by filing a stipulated proposed scheduling order. The Court entered the Scheduling Order, which provided for the completion of fact witness and document discovery by November 1, 2005, the completion of all discovery by January 31, 2006, and referred this matter to mediation.

In September 2005, Defendant served upon Plaintiff a first set of interrogatories and requests for production. According to

1

Defendant, these requests were discussed with Plaintiff numerous times, and Plaintiff represented that answers would be forthcoming.

As of January 18, 2006, Plaintiff failed to file any responses to Defendant's discovery requests, and Defendant filed a Motion To Compel.[1] Plaintiff failed to respond to the Motion, but an Amended Rule 16 Scheduling Order was jointly submitted by the parties which extended the discovery deadline to March 1, 2006, for all fact witness and document production and October 31, 2006, for the completion of all discovery. A pretrial conference was also set for May 11, 2006, but later rescheduled by the Court to March 8, 2007, in light of the revised deadlines provided by the parties in the Scheduling Order.

On February 27, 2006, the Court granted Defendant's Motion To Compel, and ordered Plaintiff to provide discovery responses to Defendant's request within twenty days of the Court's Order. To date, Plaintiff has failed to provide Defendant with any responses.

On March 31, 2006, Defendant filed the instant Motion requesting dismissal of the case. In the alternative, Defendant

---

[1] Although no Certificate of Service was filed with the Court by Plaintiff concerning its discovery, Plaintiff apparently served Requests for Admission on Defendant, because Defendant also moved for a protective order on the grounds that the requests exceeded the number of requests for admission agreed to by the parties in the Scheduling Order. Plaintiff did not respond to that Motion, and the Court granted Defendant's Motion.

2

requested the Court to reschedule the mediation conference set for April 27, 2006, until such time as Defendant receives discovery responses from Plaintiff. Plaintiff's Answer to the Motion was due by April 14, 2006. To date, no answer has been filed.

On April 20, 2006, Magistrate Judge Thynge entered an Order cancelling the mediation and requiring counsel to inform her by May 5, 2006, whether mediation should be rescheduled to November 20, 2006.

## DISCUSSION

### I. Standard of Review

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), the Court has the discretion to dismiss a case for failure to obey the Court's discovery orders. In determining whether to dismiss a complaint the Court is guided by the following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of claim or defense. See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Each of these factors is not required to be met for the Court to conclude that dismissal is

3

appropriate; however, the Court must weigh the factors to ensure that the sanction of dismissal is reserved for those cases in which it is justly merited. Id., see also Hicks v. Feeney, 850 F.2d 152, 156-157 (D. Del. 1987).

**II.   Whether Defendant's Motion For Sanctions And Dismissal Of Case Should Be Granted**

Applying the Poulis factors in the circumstances of this case, the Court concludes that Plaintiff's failure to prosecute this action could result in dismissal of this case, particularly in light of Plaintiff's failure to respond to the instant Motion. Plaintiff has demonstrated a history of dilatoriness beginning with the inception of this action. Plaintiff took no action to prosecute this case for a period of nearly two years. The Court issued an Order To Show Cause why the action should not be dismissed, and Plaintiff's only response was the filing of a joint proposed scheduling order. Plaintiff has failed to respond to Defendant's discovery requests and failed to adhere to the Court's Order requiring Plaintiff to comply with Defendant's discovery requests.

Plaintiff has frustrated the discovery process and completely stalled this litigation, which has been pending for more than three years. Plaintiff's dilatoriness has frustrated both the utility and purpose of the mediation which had been scheduled in this action. Moreover, the Court is persuaded that Plaintiff's dilatoriness has prejudiced Defendant. Defendant has

4

been forced to file both a Motion To Compel and the instant Motion For Sanctions And Dismissal Of Case, and Defendant has received no responses from Plaintiff.  Defendant cannot defend this case without the discovery it has requested, and as time continues to pass in this more than three-year old action, the memories of witnesses will undoubtedly fade resulting in further prejudice to Defendant's ability to defend this action. Plaintiff's have provided the Court with no substantive responses explaining the delay, and thus, the Court is left with no other conclusion, at this time, than Plaintiff has willfully failed to prosecute this action and obey the Court's orders.  However, in order to permit Plaintiff a final opportunity to explain its delay and avoid dismissal of this action, the Court will issue Show Cause Order and schedule a hearing.

## CONCLUSION

For the reasons discussed, the Court will schedule a hearing and require Plaintiff to show cause why this action should not be dismissed with prejudice.

An appropriate Order will be entered.