IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHERRY LINE, S.A.,                  :
a corporation,                      :
                                    :
         Plaintiff,                 :
                                    :
    v.                              :    Civil Action No. 03-199(JJF)
                                    :
MUMA SERVICES f/k/a                 :
MURPHY MARINE SERVICES, INC.,       :
                                    :
         Defendant.                 :

**MEMORANDUM ORDER**

Presently before the Court is a Motion For Reconsideration filed by Plaintiff, Cherry Line, S.A. (D.I. 53). For the reasons discussed, the Court will grant Plaintiff's Motion.

**I.   BACKGROUND**

The Court has set forth the background of this action fully in its Memorandum Opinion dated May 8, 2006. After the filing of the Court's Memorandum Opinion (D.I. 45), the Court entered a Show Cause Order (D.I. 46) and scheduled a hearing for May 23, 2006, to determine whether Plaintiff's Complaint should be dismissed for failure to prosecute. The same day the Court entered its Order, Plaintiff's out-of-town counsel, Anne-Michele G. Higgins, Esquire of the Philadelphia office of Rawle & Henderson LLP, advised the Magistrate Judge by letter that she had not received a previous order sent by the Magistrate Judge, because she had not been able to get her name added to the docket. The next day, William J. Cattie, III, Esquire of the Wilmington office of Rawle & Henderson filed a Notice of

Substitution of Counsel. Julie M. Sebring, Esquire of Rawle & Henderson LLP was then terminated on the docket, and Mr. Cattie was added.

The Court held the Show Cause hearing scheduled by its Order of May 8, 2006. Plaintiff did not appear at the Show Cause hearing, and the Court entered an Order dismissing Plaintiff's Complaint with prejudice for failure to prosecute (D.I. 49).

## II. THE PARTIES' CONTENTIONS

By its Motion, Plaintiff requests reconsideration of the Court's Order dismissing its Complaint (the "Dismissal Order"). Plaintiff contends that the Court's decision contains errors of law and fact, and argues that the Third Circuit favors decisions on the merits, rather than procedurally based dismissals. Specifically, Plaintiff contends that attorneys from Rawle & Henderson LLP ("Rawle & Henderson"), did not appear at the Show Cause hearing because they were unaware that there were pending matters on the Court's docket regarding the instant case. Plaintiff contends that a Rawle & Henderson secretary inadvertently failed to check a space on the administrative form for electronic notifications of Court events via the Court's Electronic Case Filing system ("ECF"), and as a result, attorneys from Rawle & Henderson had not received electronic notifications of pending motions or scheduled hearings.

In response, Defendant contends that reconsideration of the

Court's Dismissal Order is not warranted on the grounds that Rawle & Henderson had not been receiving electronic notifications in this case. Defendant contends that it hand-delivered copies of its Motion To Dismiss to Rawle & Henderson, and therefore, the firm was aware of Defendant's filings. Defendant also contends that new counsel should have investigated the status of this case when he entered his appearance on behalf of Plaintiff on May 9, 2006. Finally, Defendant contends that it has been prejudiced by Plaintiff's inaction during the more than three years since this case was filed, and that it will be further prejudiced if the Court vacates its Dismissal Order.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), a court is permitted to alter or amend a judgment after a judgment has been entered. Fed. R. Civ. P. 59(e). Motions for reconsideration are typically treated as motions to alter or amend judgments pursuant to Rule 59(e). In order to succeed on a motion for reconsideration, the movant must show: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d at 677).

The decision to grant reconsideration is committed to the

sound discretion of the Court. However, motions for reconsideration should be granted sparingly and may not be used by a party to rehash arguments already considered and decided by the court. Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991).

**IV. DISCUSSION**

Reviewing the parties' contentions in the context of the above legal standards, the Court concludes that reconsideration of its Dismissal Order is warranted. The Court's conclusion is based upon the unique set of circumstances in this case. This action was referred to the Magistrate Judge for mediation, and it appears that the Court and the Magistrate Judge simultaneously issued orders concerning proceedings. The Court issued its Show Cause Order the same day that out-of-town counsel for Plaintiff advised the Magistrate Judge that they would be available for a mediation on November 20, 2006, and that they were having trouble with the ECF notification system. The Court, however, was not aware of counsel's letter to the Magistrate Judge.[1] If the Court had been aware that the parties were actively engaged with the Magistrate Judge, the Court would not have scheduled the Show Cause hearing.

After reviewing the mediation letter from Plaintiff's

---

[1] Correspondence issued by or directed to the Magistrate Judge regarding settlement discussions are not docketed or provided to the Court.

4

counsel, the Magistrate Judge entered an Order scheduling a mediation and Plaintiff's new local counsel entered his appearance on the docket, but did not review the docket, and therefore was unaware of the scheduled Show Cause Hearing. In circumstances similar to those here, the Court of Appeals for the District of Columbia wrote:

> In defending their failure to comply with Local Rule 7(b) [requiring a motion to be opposed within 11 days or the court may treat the motion as conceded], the appellants offer nothing but an updated version of the classic "my dog ate my homework" line. They claim that, as a result of a malfunction in the district court's CM/ECF electronic case filing system, their counsel never received an e-mail notifying him of American's motion to dismiss their amended complaint. Imperfect technology may make a better scapegoat than the family dog in today's world, but not so here. Their counsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he remained obliged to monitor the court's docket.

Fox v. American Airlines, 389 F.3d 1291, 1294 (D.C. Cir. 2004). The Court does not disagree with the views of the Fox court; however, the Court understands that the planned mediation with the Magistrate Judge may have led Plaintiff's counsel to believe that this Court would not be acting on the pending motions in light of the mediation proceedings. Further, and perhaps of more important consideration to the Court here, is the policy of the Third Circuit favoring disposition of cases on the merits. See e.g., Livingston Powered Metal, Inc. v. N.L.R.B., 669 F.2d 133 (3d Cir. 1982).

5

In addition to the overlap between the proceedings in this Court and the proceedings before the Magistrate Judge, the Court understands that several changes occurred within Plaintiff's counsel's law firm resulting in some additional confusion, which was apparently compounded by the CM/ECF notification problem caused by a secretarial error in completing the CM/ECF notification form.  However, to ensure that this case moves forward and to minimize any further prejudice to Defendant, the Court will expedite proceedings.  Specifically, the Court will require the parties to submit a proposed amended Scheduling Order by Friday, October 20, 2006, which provides for a 120 day fact and expert discovery period.  Any case dispositive motions will be filed no later than February 28, 2007.  Trial is scheduled for May 7, 2007.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Reconsideration is **GRANTED**.

2. The Court's Dismissal Order (D.I. 49) is **VACATED**.

3. The parties shall submit a proposed amended Scheduling Order within the parameters set forth by the Court in this decision no later than **Friday, October 20, 2006**.

October 13, 2006
DATE

UNITED STATES DISTRICT JUDGE

6