IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHERRY LINE, S.A.,  :
a corporation,  :
 :
      Plaintiff,  :
 :
v.  :  Civil Action No. 03-199(JJF)
 :
MUMA SERVICES f/k/a  :
MURPHY MARINE SERVICES, INC.,  :
 :
      Defendant.  :

Anne-Michele G. Higgins, Esquire of RAWLE & HENDERSON LLP, Philadelphia, Pennsylvania.
William J. Cattie, III, Esquire of RAWLE & HENDERSON LLP, Wilmington, Delaware.

Sean T. O'Kelly, Esquire of CROSS & SIMON, LLC, Wilmington, Delaware.

**MEMORANDUM OPINION**

March 13, 2007
Wilmington, Delaware.

Farnan, District Judge.

    Presently before the Court are two Motions filed by Defendant MUMA Services, f/k/a Murphy Marine Services, Inc, a Renewed Motion For Dismissal Of Case And Sanctions (D.I. 62) and a Motion To Strike As Untimely Plaintiff's Response To Defendant's Renewed Motion For Dismissal Of Case And Sanctions (D.I. 64).  For the reasons discussed, the Court will deny the Motions.

I.   THE PARTIES' CONTENTIONS

    The background of this action has been set forth fully by the Court in its Memorandum Opinion dated May 8, 2006 (D.I. 45) and its Memorandum Order dated October 13, 2006 (D.I. 56).  By its Renewed Motion To Dismiss, Defendant contends that Plaintiff has continued the dilatory conduct that resulted in the Court's initial decision to dismiss this action following a Show Cause Hearing.  Despite the Court's reopening of the case on October 13, Defendant contends that Plaintiff has still failed to provide Defendant with answers to its discovery requests, despite correspondence sent by Defendant on October 24, 2006, requesting the responses by October 31, 2006.  Defendant contends that since that time, Plaintiff has only provided a short letter e-mail indicated that discovery would be forwarded shortly and that, to date, no discovery responses have been provided.

In response, Plaintiff contends that any previous discovery deadlines set by the Court have been superseded by the November 2, 2006 Scheduling Order. That Order provides that discovery is to be completed by May 18, 2007, and therefore, Plaintiff has not violated the Court's Order.

Defendant has moved to strike Plaintiff's Response to Defendant's Renewed Motion To Dismiss as untimely under Del. L.R. 7.1.2. Plaintiff has responded that its Response was timely filed.

## II. DISCUSSION

### A. Timeliness of Plaintiff's Response

Defendant's Renewed Motion was filed on November 15, 2006. Local Rule 7.1.2 requires a response be filed within ten days, and pursuant to Federal Rule of Civil Procedure 6, intermediate Saturdays, Sundays and legal holidays are excluded from this computation. Fed. R. Civ. P. 6(a). Legal holidays include any holidays designated by the state in which the district court sits. Further, Rule 6(e) provides that service by electronic means under Rule 5(b)(2)(D) triggers the three-day rule. The three-day rule provides that "[w]henever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C) or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)." Fed. R. Civ. P. 6(e).

The crux of Defendant's argument is that Plaintiff should not have the benefit of the three-day rule because Defendant served Plaintiff with its Renewed Motion To Dismiss by hand delivery, as well as electronically. In the Court's view, electronic service controls in the circumstances of the instant dispute, and is generally preferable to mail and hand delivery service. When a party chooses electronic means or mail delivery, separate hand delivery is gratuitous and has no effect on response times. The filing deadlines set by the Court are consistent with this preference for electronic or mail delivery in that the docket reflects that Plaintiff's response was due December 4, 2006. Plaintiff's response was filed on that day, and therefore, is timely. Accordingly, the Court will deny Defendant's Motion To Strike Plaintiff's Response.

    B.   <u>Defendant's Renewed Motion To Dismiss</u>

As for Defendant's Renewed Motion To Dismiss, the Court agrees with Plaintiff that this action is governed by the Court's November 2 Scheduling Order, and therefore, Plaintiff is not in violation of that Order. This conclusion expresses no view as to how the Court may rule with respect to any future acts of alleged dilatory conduct by Plaintiff. Plaintiff's past conduct will be considered and weighed should Plaintiff be found engaging in future dilatoriness or non-compliance with Court orders.

In sum, the Court finds the new deadlines in this case have not been violated by Plaintiff, and therefore, the Court finds no reason, at this juncture, to dismiss this case. The Court urges counsel for both parties to communicate regarding this matter and comply with their respective professional obligations to avoid any further delays in this case.

## III. CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motions.

An appropriate Order will be entered.